```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KAREN A. ESCOBAR
    Assistant U.S. Attorney
 3  2500 Tulare Street
    Fresno, California 93721
 4  Telephone: (559) 497-4000
 5
 6
 7
 8           IN THE UNITED STATES DISTRICT COURT FOR THE
 9                    EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,     )   1:10-CR-00131-AWI
                                  )
12              Plaintiff,        )   PRELIMINARY ORDER OF FORFEITURE
                                  )
13       v.                       )
                                  )
14  MARK McGRATH,                 )
    DUSTIN YORK, and              )
15  JOSEPH TAYLOR,                )
                                  )
16              Defendants.       )
                                  )
17  _____)
18       Based upon the plea agreements entered into between plaintiff
19  United States of America and defendants Mark McGrath, Dustin York,
20  and Joseph Taylor, it is hereby ORDERED, ADJUDGED, AND DECREED as
21  follows:
22       1.   Pursuant to 21 U.S.C. § 853, defendants Mark McGrath,
23  Dustin York, and Joseph Taylor's interests in the following property
24  shall be condemned and forfeited to the United States of America, to
25  be disposed of according to law:
26            a.   Grow Equipment: 65 sets of bubble bags,
              b.   Grow Equipment: 42 Lumatek - LK1000
27                 transformers,
              c.   Grow Equipment: 9 1000 watt transformers,
28            d.   Grow Equipment: Nextgen transformer,
              e.   Grow Equipment: 51 Hydrofarm reflective
```

light hoods,
               f.   Grow Equipment: 2 Carbon Filers,
               g.   Grow Equipment: 2 Sentinel $CO_2$ generators,
               h.   Grow Equipment: 2 Bug fumigation canisters,
               i.   Grow Equipment: Trim Reaper - Marijuana
                    trimmer,
               j.   Grow Equipment: Water filter, and
               k.   Grow Equipment: 2 Vent Fans 10".

     2.   The above assets were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and 856.

     3.   Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the United States Marshal Service in their secure custody and control.

     4.   a.   Pursuant to 21 U.S.C. § 853(n) and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

          b.   This notice shall state that any person, other than the defendants, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30)

days from receipt of direct written notice, whichever is earlier.

    5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, in which all interests will be addressed.

IT IS SO ORDERED.

Dated: November 9, 2011

                                        CHIEF UNITED STATES DISTRICT JUDGE